UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | |
| Plaintiff, | Case No. 1:19-cv-05416 |
| v. | Hon. Andrea R. Wood |
| YUKOM COMMUNICATIONS LTD., LINKOPIA MAURITIUS LTD., WIRESTECH LIMITED d/b/a BIGOPTION, WSB INVESTMENT LIMITED d/b/a BINARYBOOK, ZOLAREX LTD. d/b/a BINARYONLINE, YAKOV COHEN, YOSSI HERZOG, LEE ELBAZ, and SHALOM PERETZ, | |
| Defendants. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT YAKOV COHEN'S MOTION TO DISMISS**

Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") respectfully submits this Memorandum in Opposition to the Motion to Dismiss ("Motion" ECF No. 47) and accompanying Memorandum of Law ("Supporting Memorandum" or "Mem." ECF No. 48) filed by Defendant Yakov Cohen ("Cohen") seeking dismissal of all claims against Cohen pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6). As set forth below, the well-plead facts of the Commission's Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief ("Complaint" or "Compl." ECF No. 1) establish that Cohen and three other individuals, along with five entities that Cohen owned and controlled, all of whom were "acting individually, in concert with each other, and through their officers, employees, and agents," violated the Commodity Exchange Act and Commission Regulations as charged by operating a fraudulent binary options trading scheme through various fictitious trade

names including "BinaryBook," "BigOption," and "BinaryOnline" (collectively the "Yukom Brands").[1] Cohen's Motion must therefore be denied.

I.      THIS COURT MUST EVALUATE THE COMPLAINT IN THE LIGHT MOST FAVORABLE TO THE COMISSION

Where, as here, a federal court reviews the sufficiency of a complaint, "its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Caremark, Inc. v. Coram Healthcare Corp.,* 113 F.3d 645, 648 (7th Cir. 1997) (quoting *Schurer v. Rhodes,* 416 U.S. 232, 236 (1974)) (reversing dismissal of complaint as fair reading of "scatter-gun" allegations of securities fraud nevertheless established cause of action under Rule 10b-5). The sufficiency of the Complaint must be evaluated "in the light most favorable" to plaintiff, "taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the

---

[1] Specifically, the Complaint charges Yukom Communications, Ltd. ("Yukom"), Linkopia Mauritius Ltd. ("Linkopia"), Wirestech Limited d/b/a BigOption ("Wirestech"), WSB Investment Ltd d/b/a BinaryBook ("WSB"), Zolarex Ltd. d/b/a BinaryOnline ("Zolarex"), Cohen, Lee Elbaz ("Elbaz"), Yossi Herzog ("Herzog"), and Shalom Peretz ("Peretz") (collectively, "Defendants") with fraud, namely commodity options fraud in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and Regulation 32.4, 17 C.F.R. § 32.4 (Count I, Compl. ¶¶ 101-06) and swaps fraud in violation of Section 6(c)(1) of the Act, 7 U.S.C. § 9(1), and Regulation 180.1(a)(1)-(3), 17 C.F.R. § 180.1(a)(1)-(3) (Count II, Compl. ¶¶ 107-15) (the "Fraud Counts"). The Complaint further charges Defendants with offering illegal, off-exchange commodity options in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and Regulation 32.2, 17 C.F.R. § 32.2 (Count III, Compl. ¶¶ 116-123), and offering illegal off-exchange retail swaps in violation of Section 2(e) of the Act, 7 U.S.C. § 2(e) (Count IV, Compl. ¶¶ 124-33); and charges the entity defendants–Yukom, Linkopia, Wirestech, WSB, and Zolarex (collectively the "Yukom Enterprise")– with acting as futures commission merchants ("FCMs") by accepting funds to margin, guarantee, or secure trades or contracts without being registered in violation of Section 4d(a)(1) of the Act, 7 U.S.C. § 6d(a)(1). Count V, Compl. ¶ 134-139. All five counts charge that Cohen, Elbaz, Herzog, and Peretz, are controlling persons of the Yukom Enterprise and have failed to act in good faith, or have knowingly induced, the violations and are liable for each and every violation committed by the Yukom Enterprise pursuant to 7 U.S.C. § 13c(b). Compl. ¶¶ 104, 113, 121, 131 and 138. Finally, as to Counts I to IV, the Complaint asserts that the members of Yukom Enterprise are joint and severally liable for the charged violations (Compl. ¶¶ 103, 112, 120, and 130) and that the actions of Cohen, Elbaz, Herzog and Peretz, as well as other agents and persons acting on behalf of the Yukom Enterprise, were committed within the scope of their employment, office, or agency with the Yukom Enterprise such that Yukom, Linkopia, Wirestech, WSB, and Zolarex are liable for their acts pursuant to 7 U.S.C. § 2(a)(1)(B) and 17 C.F.R. § 1.2. Compl. ¶¶ 105, 114, 122, 132.

2

plaintiff's favor." *AnchorBank, FSB v. Hofer,* 649 F.3d 610, 614 (7th Cir. 2011) (reversing dismissal of fraud claims). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" as "threadbare recitals of the elements of a cause of action supported by mere conclusory statements" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Cohen challenges the sufficiency of the Commission's Complaint under Federal Rules of Civil Procedure 8, 9(b)(6), and 12(b)(6).[2] Under Rule 8, a "complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Siegel v. Shell Oil Co.*, 480 F. Supp. 2d 1034, 1038 (N.D. Ill. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Generally, a complaint satisfies the 'short and plain statement' requirement if it "narrates an intelligible grievance that, if proved, shows a legal entitlement to relief." *Id*. (quoting *U.S. Gympsum Co. v. Ind. Gas Co*., 350 F.3d 62, 626 (7th Cir. 2003)). Dismissal for failure to state a claim under Rule 12(b)(6) is appropriate "only where it appears beyond doubt that under no set of facts would plaintiff's allegations entitle him to relief." *Ontario Ltd. v. Zurich Capital Markets, Inc*., 274 F. Supp. 2d 926, 929 (N.D. Ill. 2003) (citations omitted).

Rule 9(b) provides that a complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A complaint must ordinarily describe the "who, what, when, where, and how" of the fraud—"the first paragraph of any newspaper story." *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC,* 836 F.3d 770, 776 (7th Cir. 2016) (quotation omitted). While malice, intent, knowledge and other condition of a mind may be averred generally, a scienter requirement "must be pleaded with a sufficient level of factual support so that there is a basis for believing that plaintiff could prove scienter." *SEC v.*

---
[2] Cohen asks this Court to apply Rule 9(b)'s heightened pleading standard to all Counts. Mem. at 11-12. As discussed in Section II, B, below, Counts III, IV, and V do not sound in fraud and Rule 9(b) simply does not apply.

*Black*, No. 04-C-7377, 2005 WL 1498893, * 3 (N.D. Ill. June 17, 2005) (citations omitted). The defendant bears the burden of establishing the legal insufficiency of a complaint and "must support a motion to dismiss with adequate argument, identifying the particular deficiency in the complaint." *Id*. at *4 (citing *U.S. v. Jones*, 224 F.3d 621, 626 (7th Cir. 2000)).

## II. TAKEN AS TRUE, THE ALLEGATIONS IN THE COMPLAINT ESTABLISH COHEN'S LIABILITY ON ALL FIVE COUNTS

As alleged in the Complaint, the five entity Defendants –Yukom, Linkopia, Wirestech, WSB, and Zolarex–functioned as a common enterprise (the Yukom Enterprise) in fraudulently soliciting and accepting over $103 million for illegal, off exchange-binary option transactions. Cohen, along with Herzog, has owned, operated, and controlled each entity comprising the Yukom Enterprise from at least March 26, 2014 through August 12, 2019 (the "Relevant Period"); and Cohen, acting alone or in concert with others, has formulated, directed, controlled and/or participated in the Yukom Enterprise's violations as charged. Compl. ¶¶2, 21.

### A. The Complaint Notifies Cohen of His Role in the Fraudulent Scheme and Sufficiently Alleges Facts Establishing Each Element of the Fraud Counts

Count I charges all Defendants with committing commodity options fraud in violation of 7 U.S.C. § 6c(b) and 17 C.F.R. § 32.4. Fraud involving commodity options is established when a person or entity: (A) makes a misrepresentation, misleading statement, or a deceptive omission; (B) acts with scienter; and (C) the misrepresentation or omission is material. *CFTC v. R. J. Fitzgerald & Co., Inc.*, 310 F. 3d 1321, 1328 (11th Cir. 2002); *CFTC v. Rosenberg*, 85 F. Supp. 2d 424, 446-47 (D.N.J. 2000). Fraud involving commodity options is also established when a person or entity misappropriates customer funds. *See CFTC v. Noble Wealth Data Info. Servs., Inc.*, 90 F. Supp. 2d 676, 687 (D. Md. 2000), aff'd in part, vacated in part, sub nom. *CFTC v.*

4

*Baragosh*, 278 F. 3d 319 (4th Cir. 2002) (misappropriation of customer funds constituted willful and blatant fraudulent activity).

Cohen does not challenge the Commission's allegations regarding the misappropriation of funds used to trade binary options (Compl. ¶¶ 102(g), 109(g)) or use of a manipulative device, namely the manipulation of risk settings to limit or preclude a customer's ability to enter into profitable trades (*Id*. ¶¶ 102(f), 109(f)), each of which independently establishes the violations charged in Counts I and II. Cohen also does not identify any purported deficiencies with the Complaint's allegations as to the second and third elements of fraudulent misrepresentations and omissions (scienter and materiality) but instead attacks the alleged false statements as impermissibly vague and not sufficiently attributable to Cohen himself. Mem. at 3-11.

The Complaint details fraudulent misrepresentations and omissions consistently made to customers in the U.S. and elsewhere throughout the Relevant Period and charges Cohen with joint and several liability under the common enterprise theory, and as a controlling person. Many of the charged false statements were made on the Yukom Brands' websites controlled by Cohen and Herzog, while others were made in telephone and email solicitations by the individual brokers employed by entities owned by Cohen who solicited customers on behalf of the Yukom Enterprise. Compl. ¶¶ 5, 45-48, 50, 53, 63. Among other statements, employees routinely told customers that that the trading offered by the Yukom Brands was profitable, when in fact the substantial majority of customers lost money; and the brokers misrepresented that they were paid based on customer profits, when in fact employees (and the Defendants) made money based on customer net deposits and actually lost money when customers withdrew funds from their account after so-called winning trades. *Id.* ¶¶ 70, 71. The websites also misrepresented the fundamental nature of the binary options trading offered by the Yukom Brands, falsely claiming

5

that BigOption was a "top-notch binary option trading platform" launched by "financial service experts" and BinaryOnline was a "brokerage firm providing trading services through a trading platform," when the so-called transactions offered by Defendants were not actual trades but rather "mere book entries on the Platform, and the results of binary options transactions may be manipulated." *Id*. ¶¶ 5, 68. Taken as true, these allegations establish Cohen's liability, individually and as a controlling person, for commodity options fraud through false statements. *See CFTC v. Vault Options, Ltd*., No. 16-CV-01881, 2016 WL 5339716, at *6 (N.D. Ill. July 20, 2016) (default judgment finding operators of website offering off-exchange binary options violated 7 U.S.C. § 6c(b) and 17 C.F.R. § 32.4); *see also, CFTC v. Gibraltar Monetary Corp.*, No. 04-80132-CIV, 2006 WL 1789018, at *15 (S.D. Fla. May 30, 2006), aff'd, 575 F. 3d 1180 (11th Cir. 2009) (entering judgment for CFTC after bench trial; holding that defendants made misrepresentations and omissions regarding returns from commodity options in violation of 7 U.S.C. § 6c(b)).

This same conduct also establishes Cohen's liability for fraud in connection with swap transactions, as alleged in Count II. To prove a violation of Section 6(c)(1) of the Act and Regulation 180.1, the Commission must show that the Proposed Defendants: (1) engaged in prohibited conduct (i.e., employed a fraudulent scheme, made material misrepresentations, or engaged in a fraudulent business practice); (2) in connection with any swap; and (3) with scienter. *CFTC v. Hunter Wise Commodities, LLC*, 21 F. Supp. 3d 1317, 1347 (S.D. Fla. 2014); *see also SEC v. Lucent Techs., Inc.,* 610 F. Supp. 2d 342, 349-50 (D.N.J. 2009) (discussing Rule 10b-5 requirements); *CFTC v. McDonnell,* 287 F. Supp. 3d 213, 228-29 (discussing commodity fraud under the Act in connection with a virtual currency), adhering to on denial of reconsideration, 321 F. Supp. 3d 366 (E.D.N.Y. 1988).

### B. Cohen Has Fair Notice of the Conduct Establishing His Liability, Both Individually and as a Controlling Person, for Offering and Entering Into Illegal Off-Exchange Commodity Options and Retail Swaps and, as a Controlling Person, for the Yukom Enterprise's Failure to Register as FCMs

Cohen asks this Court to apply the Rule 9(b)'s heightened pleading standard to Counts III, IV, and VI charging that Defendants offered illegal, off exchange commodity options and swaps and that the each of the entity defendants (i.e., the Yukom Enterprise) acted as FCMs without being registered as such. Mem. at 3-4. However, the heightened standard does not apply to Counts III, IV, and V as they are not premised on fraudulent conduct and Cohen's intent or mental state is not at issue. *Siegel,* 480 F. Supp. 2d at 1039 ("[W]hen an alleged claim includes allegations of both fraudulent and non-fraudulent conduct, Rule 9(b)'s heightened pleading standard applies only to allegations of fraud, and not to the complaint as a whole."); *Cf. Borsellino v. Goldman Sachs Group, Inc*. 477 F.3d 502, 506 (7th Cir. 2007) (applying heightened pleading requirement to claims of interference with economic advantage, interference with fiduciary relationship, and civil conspiracy in connection with alleged conspiracy to deprive plaintiff of his interest in trading program).

The Complaint contains sufficient factual matter to state a claim under Counts III, IV, and V.[3] It alleges that Defendants, acting through the fictitious BinaryBook, BigOption, and BinaryOnline trade names, solicited individuals to enter into binary option transactions (Compl. ¶ 2); that in the U.S. binary options are required to be traded on a registered board of trade, but the binary options marketed, offered, and sold through the Yukom Brands were not. *Id*. ¶¶ 43 57

---

[3] Count III charges violations of 7 U.S.C. § 6c(b) and 17 C.F.R. § 32.2, which make it unlawful for any person to, among other things, offer to enter into, enter into, or confirm the execution of an off-exchange binary option transaction, while Count IV charges violations of 7 U.S.C. § 2(e) which makes it unlawful for any person who is not an eligible contract participant–i.e., any person who is a retail customer—to enter into a swap unless the swap is entered into on, or subject to the rules of, a board of trade designated as a contract market. Finally, Count V charges the Yukom Enterprise (and Cohen as a controlling person) with violations of 7 U.S.C. § 6d(a)(1), which makes it unlawful for any person to act as an FCM[3] unless such person is registered as such with the Commission.

and 59. The Complaint also charges that Defendants offered, sold, entered into, and confirmed binary options through the Yukom Enterprise's websites (*Id*. ¶ 4) and accepted over $103 million in customer funds to trade binary options. (*Id*. ¶¶ 8, 89-94) and therefore the entities comprising the Yukom Enterprise were therefore required to be, but have never been, registered with the Commission as FCMs. *Id.* ¶¶ 33-34, 135-137.

## III. THE FRAUD ALLEGATIONS ARE ALLEGED WITH SUFFICIENT PARTICULARITY

### A. The Complaint Charges Cohen as a Controlling Person of a Common Enterprise – the Yukom Enterprise – and Pleads Joint and Several Liability

The crux of Defendant's request is his claim that the Commission improperly "lumps the Defendants together[4] and fails to allege fraud claims against Cohen with particularity." Mem. at 4. To support the characterization of this so-called "fatal" flaw, Cohen cites *Cornielsen v. Infinium Cap. Mgmt.*, a recent Seventh Circuit case that affirmed the dismissal of plaintiff's fifth amended complaint under the "strong inference" standard of the Private Securities Litigation Act (not applicable here) where the fraud claim relied on "group pleading" of oral statements plaintiffs personally observed at town hall meetings that were "clearly contrary to written materials" plaintiffs received, and plaintiffs failed to identify the individual speakers who made the conflicting statements. 916 F.3d 589, 600-01 (7th Cir. 2019). Here, the Complaint charges that the members of the Yukom Enterprise, including at least two entities owned and controlled by Cohen, acting through brokers who directly communicated with customers and other agents and employees, operated and functioned as a common enterprise and are jointly and severally liable for the violations of the Act committed by other members of the Yukom Enterprise. Compl. ¶ 45. *Cornielson* is therefore not applicable. *See, e.g., FTC v. E.M.A. Nationwide, Inc.*,

---

[4] It is worth noting that the Defendants, and not the Commission, created the opaque morass behind the Yukom Enterprise by creating various related companies and foreign nominee entities to enter into agreements, open bank accounts, and otherwise engage in activity related to the fraudulent binary options scheme detailed in the Complaint.

8

767 F 3d 611, 637 (6th Cir 2014) (affirming joint and several liability on common enterprise theory where each of the corporate and individual defendants made up a "messy maze of interrelated business entities").

It is well established that when entities and individuals operate as a common enterprise, each may be held jointly and severally liable under the Commodity Exchange Act for the unlawful acts and practices of other members of the enterprise. *See, e.g. CFTC v. Wall Street Underground, Inc*., 281 F. Supp. 2d 1260, 1271 (D. Kan. 2003), aff'd 128 Fed. Appx. 726 (10th Cir. 2005), (individual and others held to be part of a common enterprise for purposes of CEA where each of them operate as a "single economic entity"); *CFTC v. Trade Exchange Network Ltd.,* 117 F. Supp. 3d. 29, 39 (D.D.C. 2015) (granting summary judgment against members of common enterprise). In determining whether a common enterprise exists, courts look to a variety of factors, including businesses that: "(1) maintain officers and employees in common, (2) operate under common control, (3) share offices, (4) commingle funds, and (5) share advertising and marketing." *FTC v. Lanier Law, LLC*, 194 F. Supp. 3d 1238, 1269 (M.D. Fla. 2016) (citation omitted); *see also FTC v. Tax Club, Inc*., 994 F. Supp. 2d 461, 469 (S.D.N.Y. 2014) (same). Here, the Complaint, alleges that the Yukom Enterprise (i.e., the five entity defendants charged with operating the fictitious Yukom Brands) shared "office space; compliance, human resources, and accounting services"; have "common ownership and control"; and common employees as "many of the brokers and other employees and agents of the Yukom Enterprise performed the same work for multiple Yukom Brands." Compl. ¶ 45. The Complaint further charges that Cohen and Herzog founded, ultimately owned, and controlled each of the five entity defendants that comprise the Yukom Enterprise, and that all of the Yukom Enterprise's employees, bank accounts, and websites have been under the control of Cohen and

Herzog throughout the Relevant Period. *Id.* ¶¶ 46 (Yukom), 47 (Linkopia), 53 (WSB, Wirestech, and Zolarex), 63 (websites), 89 (bank accounts). Thus, the Complaint includes detailed allegations establishing the common enterprise. *See, e.g. FTC v. John Beck Amazing Profits, LLC*, 865 F. Supp. 2d 1052, 1082 (C.D. Cal. 2012) (found common enterprise where there was no dispute that corporate defendants were controlled by the same persons and shared the same business address and office space); *CFTC v. Lake Shore Asset Mgmt. Ltd.*, No. 07-c-3598, 2007 WL 2659990, at *24 (N.D. Ill. Aug. 28, 2007) ("Corporate formalities are not binding when a corporation is part of a common enterprise, so Lake Shore Limited's argument in response – that it was incorporated in Bermuda in 2006 – is unpersuasive").

The Complaint also notifies Cohen that he is liable for the actions of the Yukom Enterprise as a controlling person.[5] Compl. ¶¶ 104, 113, 121, 131 and 138. Under Section 13(b) of the Act, 7 U.S.C. § 13c(b), any person who, directly or indirectly, controls any person who has violated any provision of the Act, or any of the rules, regulations, or orders issued pursuant to the Act, may be held liable for such violation in any action brought by the Commission to the same extent as such controlled person if the Commission can establish that the controlling person "did not act in good faith or knowingly induced, directly or indirectly," the act or acts constituting the violation. *R.J. Fitzgerald & Co.*, 310 F.3d at 1334. To establish that the controlling person knowingly induced the violative conduct, the CFTC must show that the controlling person had actual or constructive knowledge of the core activities that make up the violation at issue and allowed them to continue. *Id*. Here, the Complaint charges that Cohen controlled the bank accounts used to transfer and hold fraudulent obtained funds, controlled the websites used to

---

[5] Cohen does not identify any flaws related to the controlling person allegations in his Motion, but instead generally avers that he has not been provided with "fair notice" of the claims against him. Because the charges include controlling person liability, and in an abundance of caution, the Commission briefly addresses the elements of controlling person liability here.

fraudulently solicit customers, employed the brokers and other employees who directly communicated with customers, and that the companies he controlled entered into at least eight different agreements for the Platform used by the Yukom Enterprise to "trade" against their customers. Compl. ¶¶ 46-47, 53, 63-69, 89.

## B. The Complaint Provides Sufficient Detail Regarding Defendants' Fraudulent Scheme

Next, Cohen identifies certain purported deficiencies in the Complaint and broadly asserts that they render all counts insufficient to under Rule 9(b). Mem. at 7. "A defendant must support a motion to dismiss with adequate argument, identifying the particular deficiency in the complaint. A defendant cannot simply assert that a complaint in its entirety fails to allege a claim with adequate specificity." *Black,* 2005 WL 1498893 at *4 (citation omitted). Cohen does not explain how these so-called deficiencies require dismissal of the fraud counts, but instead cites generally to the standard of review articulated in *AnchorBank*, 649 F.3d at 615-16 (complaint painted a sufficiently detailed description of scheme where it outlined steps taken by defendant and at least one of his co-conspirators).

Cohen faults the CFTC for failing to identify the names of the specific customers to whom Cohen himself made any misrepresentations or omissions as well as the content of statements made by Cohen. (Mem. at 15-16). This is a red herring, as the Complaint does not allege Cohen himself made verbal misrepresentations or omissions to any of the thousands of customers defrauded by the Yukom Enterprise. Instead, it details numerous false statements made by the individual brokers acting on behalf of the Yukom Enterprise and similar misrepresentations on the Yukom Brands' websites controlled by Cohen. *See, e.g*. Compl. ¶¶ 68-75. As discussed in Section II, A, above, not only is Cohen jointly and severally liable for the misrepresentations made by the brokers and others acting on behalf of the Yukom Enterprise, but

11

he is also liable as a controlling person for misrepresentations made by the brokers and other employees of the Yukom Enterprise.

Cohen also challenges the sufficiency of certain allegations that reference "others" acting at his direction and in concert with the Yukom Enterprise or the "brokers" who directly solicited individuals in U.S. to trade with the Yukom Enterprise. Mem. at 8-9. He does not cite to any case law to support the proposition that the CFTC must identify by name the individuals he hired and/or that acted at his direction, only the standard for pleading circumstances of fraud with particularity set forth in *Rocha v. Rudd*, 826 F.3d 905, 911 (7th Cir. 2016) (dismissing claims where plaintiff failed to provide fair notice regarding alleged participation in fraud and state a plausible claim to relief). Defendants' employees, including all brokers who solicited U.S. customers, were typically located in Israel or Mauritius and used alias or stage names when interacting with customers. Compl. ¶¶ 16-17, 51-52, 75. Cohen does not explain how the Commission could reasonably be expected to have access to those individuals' actual identities. *See U.S. ex rel Derrick v. Roche Diagnostics Corp*., 318 F.Supp.3d 1106, 1112-13 (N.D. Ill. 2018) (denying motion to dismiss and recognizing that while realtor's allegations of a kickback scheme did not identify any specific claim actually presented for payment, she would not be expected to have access to that information). Even if alleging specific employee names would normally be required, the particularity requirement of Rule 9(b) "must be relaxed where the plaintiff lacks access to all facts necessary to detail [its] claim." *Corley v. Rosewood Care Ctr., Inc*., 142 F.3d 1041, 1051 (7th Cir. 1998) (affirming district court finding that complaint sufficiently alleged pattern of racketeering activity under Rule 9(b) where plaintiff generally identified residents as victim of scheme and had been denied access in discovery to information that would identify those residents).

Cohen also faults the Commission for not alleging with particularity certain facts that are not central to the fraud allegations and already known to him. Mem. at 8. As alleged, during the Relevant Period both O.U. and Z.C. were nominees acting under the control and direction of Cohen and Herzog. Compl. ¶¶ 26-27, 54. In *AnchorBank, FSB v. Hofer,* the Seventh Circuit found that identifying non-party co-conspirators as "A and B" and describing their investment in the allegedly fraudulent fund "painted a sufficiently detailed picture of the alleged scheme." 649 F. 3d at 615 (reversing dismissal as plaintiffs adequately stated with particularity the circumstances constituting securities fraud and the resulting economic loss). As to the Platform, the Complaint alleges that the Yukom Enterprise, owned and controlled by Cohen, entered into a series of agreements with the Platform (Compl. ¶¶64-67) and that the websites Cohen controlled included false representations about the Platform. *Id.* ¶ 68.

C. **Inclusion of Limited Allegations Made Upon Information and Belief Is Permissible**

Finally, Cohen takes issue with the Commission's inclusion of certain allegations made "upon information and belief" in the Complaint specifically those alleging the:

- identity of Linkopia's parent company (¶ 17),
- date of WSB Gibraltar's incorporation (¶ 19),
- specific locations in Israel where Cohen and Peretz resided at the time the Complaint was filed (¶¶ 22, 24),
- countries where Z.C. and O.U. resided at the time the Complaint was filed (¶¶ 26, 27), and decision by Cohen and Herzog to replace Z.C. and O.U. (¶ 54),
- total number of individuals employed by Yukom itself (i.e. Yukom, not the entire Yukom Enterprise) at any given time (¶ 46),
- Elbaz's approval of requests to change \risk settings for BigOption customers (¶ 79),
- percentage of funds contributed by U.S. customers by credit card (¶95),
- dates upon which the Yukom Enterprise ceased soliciting customers through the BigOption and BinaryBook brands (¶¶ 96-97), and
- continued solicitation through the BinaryOnline website (¶ 98).

As a preliminary matter, none of these allegations are integral to the Commission's burden of proof. Even if the Court were to decline to accept allegations made upon information and belief

13

as true at this stage in the pleadings, the Commission's Complaint would stand. Moreover, as the Seventh Circuit has recognized, a plaintiff who does not have personal knowledge of particularized facts about the alleged fraud can nonetheless comply with Rule 9(b) by pleading sufficient circumstantial evidence. *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 854-55 (7th Cir. 2009). Here, the Complaint includes more than just circumstance evidence. For example, while the Commission admittedly does not have personal knowledge of the percentage of customers who transferred funds via credit card, as opposed to wire or brank transfer, the Commission has alleged that Defendants accepted at least $16.8 million in funds via credit card, and at least $98.9 million in funds total. Compl. ¶¶ 93, 94.

Cohen appears most troubled by the Commission's inability to identify the specific dates on which the Yukom Enterprise ceased emailing, calling, or otherwise soliciting U.S. customers. Mem. at 11 (citing Compl. ¶¶ 95-98). This argument "erroneously take[s] an overly rigid view" of Rule 9(b)'s required particularity. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co*., 631 F.3d 436, 442 (7th Cir. 2011). (to prevent this, courts "have observed that the requisite information–what gets included in that first paragraph [of any newspaper story]–may vary on the facts of a given case."). The five entities comprising the Yukom Enterprise all incorporated and maintained offices outside of the United States. It should not be surprising that, without the benefit of fact discovery, the Commission cannot definitively state the date the Defendants' solicitations ceased. Thus, the Commission has pled that Defendants accepted funds for fraudulent binary options transactions at least through May 2018 and, as of September 24, 2018, two of the Yukom Brand websites remained active and accessible to U.S. customers, and stated additional, related facts upon information and belief. Compl. ¶¶ 94, 99. This is more than sufficient at this stage. *See, e.g. Presser,* 836 F.3d at 778 (in evaluating alleged fraudulent

14

activity, "[t]he grounds for the plaintiff's suspicions must make the allegations plausible, even as courts remain sensitive to information asymmetries that may prevent a plaintiff from offering more detail.") (citation omitted).

## IV. CONCLUSION

WHEREFORE, for the reasons stated above, the Commission respectfully requests that this Court deny Defendant Cohen's Motion in its entirety or, in the alternative, grant the Commission leave to file an Amended Complaint addressing any found deficiencies.

Dated: August 21, 2020

Respectfully submitted,
 /s/ Elizabeth N. Pendleton

Elizabeth N. Pendleton
Elizabeth M. Streit
Scott R. Williamson

Attorneys for Plaintiff
Commodity Futures Trading Commission
525 W. Monroe St.
Chicago, IL 60661
Tel. (312) 596-0700
Fac. (312) 596-0714
*ependleton@cftc.gov*
*estreit@cftc.gov*
*swilliamson@cftc.gov*

# CERTIFICATE OF SERVICE

       The undersigned, an attorney with Plaintiff Commodity Futures Trading Commission, hereby certifies that on August 21, 2020, she caused a true and accurate copy of the **Commission's Response in Opposition to Defendant Cohen's Motion to Dismiss** to be served on Yakov Cohen via CM/ECF and on the following Defendants (all non CM/ECF participants) via U.S. mail as shown below.

| | |
|---|---|
| **Yukom Communications Ltd.**<br>19 Tarshish Street,<br>Ceasarea, Israel 3088900 | **Zolarex Ltd.**<br>c/o the Trust Company of the Marshall Islands<br>Trust Company Complex,<br>Ajeltake Road<br>Ajeltake Island, Majuro<br>Republic of the Marshall Islands MH 96960 |
| **Linkopia Mauritius Ltd.**<br>3rd Floor, Cyber Tower 2<br>Ebene, Plaines Wilhems<br>Mauritius 72201 | **Lee Elbaz**<br>Correctional Treatment Facility<br>1901 E St SE<br>Washington, DC 20003 |
| **Wirestech Ltd.**<br>c/o the Trust Company of the Marshall Islands<br>Trust Company Complex,<br>Ajeltake Road<br>Ajeltake Island, Majuro<br>Republic of the Marshall Islands MH 96960 | **Yossi Herzog**<br>Holga 7 Zichron<br>Yaacov Israel 30900 |
| **WSB Investment Ltd.**<br>Financial Services Center<br>Stoney Ground<br>Kingstown, St. Vincent & the Grenadines<br>VC0130 | **Shalom Peretz**<br>Rambam Street 11<br>Bat Yam Israel, 5930516 |