UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

COMMODITY FUTURES TRADING
COMMISSION,

      Plaintiff,

v.

YUKOM COMMUNICATIONS LTD.,
LINKOPIA MAURITIUS LTD.,
WIRESTECH LIMITED d/b/a BIGOPTION,
WSB INVESTMENT LIMITED d/b/a
BINARYBOOK, ZOLAREX LTD. d/b/a
BINARYONLINE, YAKOV COHEN,
YOSSI HERZOG, LEE ELBAZ, and
SHALOM PERETZ,

      Defendants.

_____

Case No. 1:19-cv-05416

Hon. Andrea R. Wood

**DEFENDANT YAKOV COHEN'S MEMORANDUM IN REPLY TO
PLAINTIFF'S RESPONSE IN OPPOSITION TO HIS MOTION TO DISMISS**

Defendant Yakov Cohen ("Cohen"), by and through the undersigned counsel, respectfully submits this Memorandum in Reply to Plaintiff Commodity Futures Trading Commission's ("Plaintiff," "CFTC" or "Commission") Response in Opposition to his Motion to Dismiss [ECF No. 50].

I.     RULE 9(b) APPLIES TO ALL COUNTS IN THE COMPLAINT

The CFTC's position that the heightened pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure does not apply to Count Three (Illegal Off- Exchange Commodity Options"), Count Four ("Illegal Off-Exchange Retail Swaps"), and Count Five ("Acting as

Unregistered FCMs") ignores binding precedent and application of such case law to the CFTC's allegations.[1]

The Seventh Circuit has found that "[a] claim that 'sounds in fraud'— in other words, one that is premised upon a course of fraudulent conduct—can implicate Rule 9(b)'s heightened pleading requirements." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (citation omitted). The CFTC relies on *Siegel v. Shell Oil Co*., 480 F. Supp. 2d 1034, 1039 (N.D. Ill. 2007) for its position that Rule 9(b)'s pleading requirements do not apply to Counts III, IV, and V. *Siegel* quotes the Seventh Circuit in *Borsellino* stating:

> Although claims of interference with economic advantage, interference with fiduciary relationship, and civil conspiracy are not by definition fraudulent torts, Rule 9(b) applies to 'averments of fraud,' not claims of fraud, so whether the rule applies will depend on **the plaintiffs' factual allegations**.

480 F. Supp at 1039 (emphasis added).

Applying *Borsellino* to the Plaintiff's factual allegations makes it clear that Rule 9(b) applies to each Count of the Complaint. First, in Counts Three, Four, and Five, the CFTC alleges "[t]he allegations set forth in the paragraphs above are re-alleged and incorporated." (Compl. ¶¶ 116, 124, and 134). The paragraphs "above" that are "re-alleged and incorporated" contain numerous allegations of a fraudulent scheme. Second, in Counts Three and Four, the Commission alleges that '[t]he foregoing acts, misrepresentations and omissions of Cohen, Elbaz, Herzog, and Peretz, as well as any other official, agent, or other person acting on behalf of the Yukom Enterprise. . . ." (Compl. ¶¶ 122 and 132). The "foregoing acts, misrepresentations, and omissions" alleged in Counts Three and Four reference the purported fraudulent scheme set forth in the Complaint. (*Id*.). Finally, Count V states that "Yukom, Linkopia, Wirestech, WSB, and Zolarex by the conduct alleged in the foregoing paragraphs . . . ." Like Counts Three and Four, the "foregoing paragraphs"

---

[1] Notably, the CFTC does not dispute that Rule 9(b) applies to Counts I and II of the Complaint.

describe an alleged scheme to defraud. As a result, the Plaintiff's "factual allegations" supporting Counts Three, Four, and Five all "sound in fraud." Rule 9(b)'s heightened pleading standard accordingly applies to each Count in the Complaint.

## II. THE CFTC ASSERTS FRAUD AGAINST COHEN INDIVIDUALLY

The CFTC centers its Response on arguing that the Complaint "charges Cohen with joint and several liability under the common enterprise theory, and as a control person." (Resp. at 5). However, in addition to allegations that Cohen acted under a common enterprise and as a control person, the CFTC's Complaint provides that Cohen was "acting individually" and "acting alone" while engaging in purported fraudulent conduct. (Compl. ¶¶ 1, 21, and 44). Despite asserting that he was acting "individually" and "alone," the CFTC fails to allege fraud with any particularity against Cohen individually. It is telling when there is not a single paragraph out of the 139 paragraphs in the Complaint alleging any specific misrepresentations and/or omissions that Cohen made "individually" or "alone" to any alleged customers. The CFTC's Response simply ignores that it lodged allegations against Cohen for "acting" individually and alone.

Because the CFTC cannot assert fraud with particularity against Cohen, the Complaint lumps Cohen together with all the Defendants and relies on allegations that Cohen is jointly and severally liable under the common enterprise theory and as a control person. Cohen relies on the Seventh Circuit in *Corneilsen* for the proposition that "'[a] complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes, generally is insufficient.'" *Cornielsen* at 599 (7th Cir. 2019) (quoting *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) (quoting *Design Inc. v. Synthetic Diamond Tech., Inc.*, 674 F.Supp. 1564, 1569 (N.D. Ind. 1987)). The CFTC's Response that *Cornielsen* is inapplicable because the case concerns the Private Securities Litigation Act ("PSLRA") misses the mark. *Cornielsen* quotes the Seventh

Circuit in *Sears*, which is not a case involving the PSLRA. *Id*. It is binding precedent. Indeed, under the law of this Circuit, the CFTC's Complaint is legally insufficient because it lumps all the defendants together in pleading allegations of fraud. *Id.*

III. THE COMMON ENTERPRISE THEORY IS NOT LEGALLY APPLIABLE

The CFTC similarly falls flat relying on the common enterprise theory to avoid pleading with particularity under Rule 9(b) against Cohen individually. In its Response, the Commission provides that "[i]t is well established that when entities and individuals operate as a common enterprise each may be held jointly and severally liable under the Commodity Exchange Act ("CAE") for unlawful acts and practices of other members of the enterprise." Resp. at 9. To support that such theory is "well established," the CFTC relies on seven non-binding cases involving the Federal Trade Commission ("FTC") or the CFTC as the plaintiff. Reviewing these cases and the applicability of the common enterprise theory reflects that it is a doctrine based on liability under Section 5 the Federal Trade Act ("FTC Act") and that courts that have misapplied it to CFTC cases.

Specifically, the CFTC cites cases that are all derived from the liability under the FTC Act – not the CEA – to support application of the common enterprise theory. First, the Response cites *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 636-37 (6th Cir. 2014), which states that "[u]nder this theory, '[i]f the structure, organization, and pattern of a business venture reveal a 'common enterprise' or a 'maze' of integrated business entities, **the FTC Act disregards corporateness.**'"

Second, the CFTC relies on *CFTC v. Wall St. Underground, Inc.*, 281 F. Supp. 2d 1260 (D. Kan. 2003), *modified sub nom. CFTC v. Wall St. Underground, Inc.*, No. CIV.A. 03-2193-CM, 2004 WL 1900588 (D. Kan. June 24, 2004), and *aff'd and remanded,* 128 F. App'x 726 (10th Cir. 2005). While *Wall St Underground* is a CFTC case, the District Court for the District of

Kansas supports its application of the common enterprise theory by relying solely on **FTC cases**, including *Sunshine Art Studios, Inc. v. FTC*, 481 F.2d 1171, 1175 (1st Cir. 1973);[2] *FTC v. Think Achievement Corp.*, 144 F. Supp. 2d 993, 1011 (N.D. Ind. 2000); and *Gibson v. FTC*, 682 F.2d 554, 568 (5th Cir. 1982).[3]

Third, the Response cites to *CFTC v. Trade Exch. Network Ltd.*, 117 F. Supp. 3d 29 (D.D.C. 2015) in attempt to bolster its position. *Trade Exch. Network Ltd.* is another district court case involving the CFTC, but like the District Court in *Wall St Underground*, the Court supports the application of the common enterprise doctrine with **FTC cases**, including *E.M.A. Nationwide, Inc.* and *Sunshine Art Studios, Inc*.[4] The Commission fails to cite to any CFTC cases applying the common enterprise theory that are not based on FTC cases, which are, in turn, premised on liability under the FTC Act – not the CEA.

Fourth, the CFTC cites to *FTC v. Lanier Law, LLC*, 194 F. Supp. 3d 1238, 1269 (M.D. Fla. 2016) as additional authority for its argument that this Court should accept the common enterprise theory so it can avoid pleading with particularity against Cohen. The Court in *Lanier Law, LLC* relies on a number of other **FTC cases** and explains that "**[t]he FTC Act disregards separate corporate forms** where 'the structure, organization, and pattern of a business venture reveal a 'common enterprise' or a 'maze' of integrated business entities'" to find a common enterprise. 194 F. Supp. 3d 1238, 1269 (quoting *FTC v. Washington Data Res.*, 856 F. Supp. 2d 1247 (M.D. Fla.

---

[2] The Court in *Sunshine Art Studios, Inc.* does not specifically use the phrase "common enterprise." 481 F.2d at 1175.

[3] Like *Sunshine Art Studios, Inc.*, the Court does not use the phrase "common enterprise." 682 F.2d at 568.

[4] The Court in *Trade Exchange Network* also relies on *Wall St Underground*. 117 F.Supp.3d at 38-39.

2012), *aff'd sub nom. FTC v. Washington Data Res., Inc.*, 704 F.3d 1323 (11th Cir. 2013)) (emphasis added).

Fifth, the Response provides *FTC v. Tax Club, Inc.*, 994 F. Supp. 2d 461 (S.D.N.Y. 2014) as additional authority to evade the prohibition against lumping defendants together to avoid the heightened pleading standards under Rule 9(b). Not surprisingly, the District Court in *Tax Club, Inc.* only cites to **FTC cases** as authority to find a common enterprise between corporate defendants. *Id*. at 469-71.

Sixth, the Response cites to *FTC v. John Beck Amazing Profits, LLC*, 865 F. Supp. 2d 1052 (C.D. Cal. 2012), which is another district court case that applies the common enterprise theory. Like the cases above, *John Beck Amazing Profits, LLC* also wholly supports its use of the theory with **FTC cases**, including *Think Achievement Corp.* and *Sunshine Art Studios, Inc.*

Finally, the CFTC relies on the District Court opinion in *CFTC v. Lake Shore Asset Mgmt. Ltd.*, No 07-c-3598, 2007 WL 2659990 (N.D. Ill. Aug. 28, 2007) as authority to support its attempt to establish a common enterprise. The Commission ignores that the District Court was affirmed in part, vacated in part, and remanded in *Lake Shore Asset Mgmt. Ltd. v. Commodity Futures Trading Comm'n.*, 511 F.3d 762 (7th Cir. 2007). Because certain entities were not named as defendants, the Seventh Circuit ordered the following concerning the common enterprise relied on by the CFTC:

> The injunction that the district court entered imposes obligations on 'Lake Shore [Asset Management] Limited, individually and as part of the Lake Shore common enterprise'. The phrase 'individually and as part of the Lake Shore common enterprise' must be deleted wherever it occurs in the injunction, so that the order's only addressee is Lake Shore Asset Management, the sole defendant.

*Id*. at 767. Essentially, the Seventh Circuit rejected the District Court's imposition of an injunction on a non-named, third-party alleging the common enterprise theory.

Besides *Lake Shore Asset Mgmt. Ltd.*, defense counsel's research has not located any Seventh Circuit opinions in which the CFTC is the plaintiff that even mention the "common enterprise" theory or doctrine. Put differently, it appears the Seventh Circuit has not adopted the common enterprise theory for any CFTC case. This is the reason that Commission's Response rests on non-binding district court cases. It is also the reason that this Court should not accept the CFTC's position that Cohen is jointly and severally liable under the common enterprise theory, which is not legally appliable here. Thus, the Court should find that Complaint fails to satisfy the heightened pleading standard as to Cohen individually.

IV. <u>CONTROL PERSON LIABILITY CLAIMS ARE SUBJECT TO RULE 9(B)</u>

The CFTC seeks to hold Cohen liable for each Count under the "control person" theory of liability pursuant to Section 13(b) of the CEA, 7 U.S.C. § 13c(b). The Commission states that "Cohen does not identify any flaws related to the controlling person allegations." (Resp. at 10). To the contrary, Cohen's Motion makes clear that he avers that each Count, which include the allegations of control person liability, "sounds in fraud" and is subject to Rule 9(b)'s pleading requirement.

Section 13(b) states that any person who "directly or indirectly" controls a person or entity that violates any provision of the CEA or any CFTC rules, "may be held liable for such violation in any action brought by the CFTC to the same extent as such controlled person," upon proof that the controlling person "did not act in good faith or knowingly induced, directly or indirectly, the act or acts constituting the violation." *Id*. To show control, the CFTC must establish the individual possessed general control over the operation of the entity principally liable. *CFTC v. R.J. Fitzgerald & Co., Inc.*, 310 F.3d 1321, 1334 (11th Cir. 2002). To establish a failure to act in good faith, the CFTC must show that the individual neither maintained a "reasonably

adequate system of internal supervision and control" nor failed to oversee the system "with any reasonable diligence." *Monieson v. CFTC*, 996 F.2d 852, 860 (7th Cir. 1993) (internal citation and quotation marks omitted). The Complaint, however, lacks allegations that Cohen did not maintain a "reasonably adequate system of internal supervision and control" or that failed to "oversee the system with reasonable diligence."

Alternatively, to establish the "knowing inducement" element, the CFTC has the burden of showing that "the controlling person had actual or constructive knowledge of the core activities that make up the violation at issue and allowed them to continue." *R.J. Fitzgerald & Co., Inc.*, 310 F.3d at 1334 (citation omitted). Applying this here, the Complaint's allegations of Cohen's control are insufficient to place him on fair notice of the "core activities" that make up the violative conduct of which he purportedly had actual or constructive knowledge. Indeed, the Complaint does not allege that Cohen knew, or had constructive knowledge, of any specific misrepresentations and/or omissions.

Like its allegations of fraud, the Commission resorts to lumping the Defendants together to lodge allegations of control person liability against each individual. Specifically, in Counts One, Two, Three, and Four the Complaint provides that:

> **Defendants Cohen, Elbaz, Herzog, and Peretz are controlling persons of the Yukom Enterprise** and have failed to act in good faith, or have knowingly induced, directly or indirectly, the acts of the Yukom Enterprise constituting the violations set forth in Count [One, Two, Three, and Four]. Accordingly, Cohen, Elbaz, and Herzog are liable for each and every violation of the Act committed by the Yukom Enterprise pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b).

(Compl. at ¶¶ 104, 113, 121, and 131) (emphasis added). In Count Five, the CFTC also alleges that "**Defendants Cohen, Elbaz, Herzog, and Peretz are controlling persons** of the Yukom Enterprise . . . . [and] are liable for each and every violation of the Act committed by Yukom, Linkopia, Wirestech, WSB and Zolarex pursuant to 7 U.S.C. § 13c(b) (emphasis added). These

allegations of control person liability skirt Rule 9(b)'s pleading requirement to plead fraud with particularity.

V. THE COMPLAINT LACKS SUFFICIENT DETAIL TO OVERCOME RULE 9(b)

The CFTC's position that a "defendant cannot assert that a complaint in its entirety fails to allege a claim with adequate specificity" is inconsistent with the Seventh Circuit in *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 447 (7th Cir. 2011) (Resp. at 11 citing *SEC v. Black*, No. 04-C-7377, 2005 WL 1398893, (N.D. Ill. June 17, 2005). In *Pirelli*, the Seventh Circuit affirmed dismissal of counts based on fraud stating that the "district court granted Walgreens' motion to dismiss, ruling that Pirelli failed to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). We affirm the judgment of the district court." *Id*. at 438. *See also*, *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) (stating "Appellants' complaint contains no specific information about the alleged fraudulent activities as required by Rule 9(b). Rather, the complaint proffers only conclusory allegations regarding such conduct. The district court did not err when it dismissed the complaint."); *Rocha v. Rudd*, 826 F.3d 905, 911 (7th Cir. 2016) ("[W]e find that Rocha's fraud claim, as pleaded in his amended complaint, must be dismissed because his allegations fall far short of the heightened pleading standards required under Rule 9(b).").

The CFTC attempts to justify pleading without particularity about Cohen's actions and control, third parties' names and actions, and the business. (Resp. at 12). It argues that Cohen merely cites the standard for pleading circumstances of fraud with particularity in *Rocha v. Rudd*, 826 F.3d 905, 911 (7th Cir. 2016). (*Id.*). Despite the CFTC's arguments to avoid alleging the identities of the "others" and "brokers" all purportedly under Cohen's control, the Seventh Circuit in *Rocha* states: "[t]his requirement includes 'the **identity** of the person making the

misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'" *Rocha v. Rudd*, 826 F.3d 905, 911 (7th Cir. 2016) (quoting *Uni\*Quality Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (internal quotation marks omitted in original) (bold and underline added). The CFTC fails to allege the identity of the supposed "others," brokers, or employees that were "making the misrepresentation, the time, place, and content [], and the method . . . ." *Id*. As a result, the Complaint simply does not satisfy Rule 9(b) and should be dismissed.

The CFTC takes the position that certain of the Complaint's allegations that are based "upon information and belief" are not "integral to the Commission's burden of proof." (Resp. at 13). As the Plaintiff, the CFTC must prove each allegation of its Complaint. While the Commission may take the position that allegations such as the percentage of funds purportedly contributed by customers in the United States on credit cards is not "integral" to its burden of proof, Cohen takes a different view. The alleged percentage of U.S. funds on credit cards is central to the claims that Cohen engaged in violations of U.S. law while he was purportedly in a foreign country.

After Cohen highlighted the Commission's use of asserting allegations "on information and belief," the CFTC admits in its Response that it "cannot definitively state the date the Defendants' solicitations ceased." (Resp. at 14). This is the reason the Seventh Circuit "frown[s] on making allegations 'on information and belief' in the fraud context and generally find that such claims do not meet Rule 9(b)'s particularity requirement." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 948 (7th Cir. 2013) (citations omitted).

Moreover, the Complaint contains an entire section entitled "The Yukom Enterprise's Ongoing Activity" that contains allegations based "upon information and belief" that Cohen is

engaged in ongoing violations of U.S. law. (Compl. ¶¶ 96 – 100). For example, paragraph 100 states that: "upon information and belief, Cohen and Herzog, along with other members of the Yukom Enterprise, are now soliciting customers, including customers in the United States, to enter into transactions involving forex, crypto-currencies, contracts for difference ("CFDs"), and other financial products under the Commission's jurisdiction and are likely engaging in similar fraudulent conduct in connection with that activity." (Compl. ¶ 100). Does the CFTC believe that this allegation is not integral to its burden of proof for the permanent injunction requested in its Complaint? (Compl. at 36). Cohen thinks not. The Court should not permit the CFTC to lodge such allegations sounding in fraud without requiring that the Commission follow the heightened pleading requirements under Rule 9(b).

V. CONCLUSION

For the reasons set forth in Cohen's Motion to Dismiss and Memorandum in Support thereof, the CFTC's Complaint fails to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b), and accordingly, does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Cohen therefore requests that this Court enter an order dismissing the Complaint in its entirety with prejudice and granting any such other just and equitable relief.

Dated: August 11, 2020

                                                   Respectfully submitted,

                                                   /s/ James D. Sallah
                                                   James D. Sallah
                                                   Fla. / N.D. Ill. Bar No. 92584
                                                   jds@sallahlaw.com

                                                   SALLAH ASTARITA & COX, LLC
                                                   *Counsel for Yakov Cohen*
                                                   3010 North Military Trail, Ste. 210
                                                   Boca Raton, Florida 33431

(561) 989-9080
(561) 989-9020 (Fax)

## **CERTIFICATE OF SERVICE**

 The undersigned, an attorney for Defendant Yakov Cohen, hereby certifies that on September 11, 2020, he caused a true and accurate copy of the **Defendant Yakov Cohen's Memorandum of Law in Support of his Motion to Dismiss** to be served on the following, including all non- CM/ECF participants via U.S. Mail as shown below.

**Elizabeth N. Pendleton, Esq.**
**Elizabeth M. Streit, Esq.**
**Scott R. Williamson, Esq.**
Attorneys for Plaintiff
Commodity Futures Trading Commission
525 W. Monroe St.
Chicago, IL 60661

**Yossi Herzog**
Holga 7 Zichron
Yaccov Isreal 30900

**Lee Elbaz,** Reg. No. 81371-053
FCI Dublin
Federal Correctional Institution
5701 8th Street-Camp Parks
Dublin, CA 94568

**Shalom Peretz**
Rambam Street 11
Bat Yam Israel, 5930516

**Yukom Communications Ltd.**
19 Tarshish Street,
Ceasarea, Israel 3088900

**Linkopia Mauritius Ltd.**
3rd Floor, Cyber Tower 2
Ebene, Plaines Wilhems
Mauritius 72201

**Wirestech Ltd.**
c/o the Trust Company of the Marshall Islands
Trust Company Complex,
Ajeltake Road

Ajeltake Island, Majuro
Republic of the Marshall Islands MH 96960


**WSB Investment Ltd.**
Financial Services Center
Stoney Ground
Kingstown, St. Vincent & the Grenadines
VC0130

**Zolarex Ltd.**
c/o the Trust Company of the Marshall Islands
Trust Company Complex,
Ajeltake Road
Ajeltake Island, Majuro
Republic of the Marshall Islands MH 96960

/s/James D. Sallah, Esq.
James D. Sallah, Esq.
Fla. / N.D. Ill. Bar No. 0092584
jds@sallahlaw.com