UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>       Plaintiff,<br><br>       v.<br><br>YUKOM COMMUNICATIONS LTD.,<br>LINKOPIA MAURITIUS LTD.,<br>WIRESTECH LIMITED d/b/a BIGOPTION,<br>WSB INVESTMENT LIMITED d/b/a<br>BINARYBOOK, ZOLAREX LTD. d/b/a<br>BINARYONLINE, YAKOV COHEN,<br>YOSSI HERZOG, LEE ELBAZ, and<br>SHALOM PERETZ,<br><br>       Defendants. | Case No. 1:19-cv-05416<br><br>Hon. Jeremy C. Daniel |

## CONSENT ORDER FOR PERMANENT INJUNCTION
## AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT YAKOV COHEN

### I.  INTRODUCTION

On August 12, 2019, Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") filed a Complaint against Defendants Yukom Communications Ltd. ("Yukom"), Linkopia Mauritius Ltd. ("Linkopia"), Wirestech Limited d/b/a BigOption ("Wirestech"), WSB Investments Limited d/b/a BinaryBook ("WSB"), Zolarex Ltd. d/b/a BinaryOnline ("Zolarex"), Yakov Cohen ("Cohen"), Yossi Herzog ("Herzog"), Lee Elbaz ("Elbaz"), and Shalom Peretz ("Peretz") (collectively the "Defendants") seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1–26, and the Commission's Regulations ("Regulations") promulgated thereunder, 17 C.F.R. pts. 1–190 (2023).  All Defendants were properly served, but only Cohen appeared to defend the Commission's action.  The Court has entered defaults pursuant to Fed. R. Civ. P.

55(a) as to all eight of the remaining defendants, collectively referred to herein as the "Defaulted Defendants." (ECF Nos. 46, 56).

## II.    CONSENTS AND AGREEMENTS

To effect settlement of all charges alleged in the Complaint against Defendant Cohen without a trial on the merits or any further judicial proceedings, Defendant Cohen:

1.    Consents to the entry of this Consent Order for Permanent Injunction and Other Equitable Relief Against Defendant Yakov Cohen ("Consent Order");

2.    Affirms that he has read and agreed to this Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the Commission or any member, officer, agent, or representative thereof, or by any other person, to induce consent to this Consent Order;

3.    Acknowledges service of the summons and Complaint;

4.    Admits the jurisdiction of this Court over him and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

5.    Admits the jurisdiction of the Commission over the conduct and transactions at issue in this action pursuant to the Act;

6.    Admits that venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e);

7.    Waives:

(a)    Any and all claims that he may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. pt. 148 (2023), relating to, or arising from, this action;

(b)    Any and all claims that he may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, tit. II, §§ 201–253, 110 Stat. 847, 857–74 (codified as amended at 28 U.S.C. § 2412 and in scattered sections of 5 U.S.C. and 15 U.S.C.), relating to, or arising from, this action;

(c)     Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

(d)     Any and all rights of appeal from this action;

8.     Acknowledges that the Commission is the prevailing party in this action for purposes of the waiver of any and all rights under the Equal Access to Justice specified in subpart (a) of paragraph 7 above;

9.     Consents to the continued jurisdiction of this Court over him for the purpose of implementing and enforcing the terms and conditions of this Consent Order and for any other purpose relevant to this action, even if Defendant now or in the future resides outside the jurisdiction of this Court;

10.     Agrees that he will not oppose enforcement of this Consent Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and hereby waives any objection based thereon;

11.     Agrees that neither he nor any of his agents or employees under his authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or the Findings of Fact or Conclusions of Law in this Consent Order, or creating or tending to create the impression that the Complaint and/or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect his: (a) testimonial obligations, or (b) right to take legal positions in other proceedings to which the Commission is not a party.  Defendant Cohen shall comply with this agreement, and shall undertake all steps necessary to ensure that all of his agents and/or employees under his authority or control understand and comply with this agreement;

12.      In United States v. Yakov Cohen, 19 Cr 77-1  (PX) (the "Criminal Action"), Cohen pleaded guilty to violating 18 USC § 1349, and in connection with that plea, admitted the

facts set out in the transcript of his plea allocution, a copy of which is attached as Exhibit A to this Order, and those same facts are admitted as if set forth in this Order;

13.     Consents to the use of the findings and conclusions in this Consent Order in this proceeding and in any other proceeding brought by the Commission or to which the Commission is a party or claimant, and agrees that they shall be taken as true and correct and be given preclusive effect therein, without further proof;

14.     Does not consent, however, to the use of this Consent Order, or the findings and conclusions herein, as the sole basis for any other proceeding brought by the Commission or to which the Commission is a party, other than a: statutory disqualification proceeding; proceeding in bankruptcy, or receivership; or proceeding to enforce the terms of this Order; and

15.     Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Defendant Cohen in any other proceeding.

### III.     FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court, being fully advised in the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay.  The Court therefore directs the entry of the following Findings of Fact, Conclusions of Law, permanent injunction and equitable relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1m as set forth herein.  The findings and conclusions in this Consent Order are not binding on any other party to this action.

**THE PARTIES AGREE AND THE COURT HEREBY FINDS:**

A.     **Findings of Fact**

   **The Parties to this Consent Order**

16.     Plaintiff Commodity Futures Trading Commission is an independent federal regulatory agency that is charged by Congress with administering and enforcing the Act and the Regulations.

17.     Defendant Yakov Cohen, a/k/a Kobi Cohen, is an Israeli citizen who resided in Israel and Mauritius during the relevant times.  At various times, Cohen used the alias "Jay C" when acting on behalf of the Yukom Enterprise.  Cohen has never been registered with the Commission in any capacity.

   **Overview of the Yukom Enterprise**

18.     Beginning on or around March 26, 2014 and continuing through at least September 2017 (the "Relevant Period"), Defendant Cohen, acting individually and in concert with his co-Defendants, operated an illegal and fraudulent "binary options" trading scheme.  In carrying out the fraudulent scheme, the five entity Defendants—Yukom, Linkopia, Wirestech, WSB, and Zolarex—have functioned as a common enterprise (the "Yukom Enterprise").  Cohen owned, operated and controlled each entity comprising the Yukom Enterprise and Cohen, acting alone or in concert with others, formulated, directed, controlled, and/or participated in the acts and practices of the Yukom Enterprise, including the acts and practices set forth in the Complaint.

19.     During the Relevant Period, Cohen, along with one co-Defendant, co-founded Wirestech and Zolarex, and operated various entities that acted as part of the Yukom Enterprise including Yukom, Linkopia and WSB.  Cohen served as the CEO of Linkopia,had an ownership interest in Yukom, and has been one of the primary beneficial owners of the Yukom Enterprise.

5

20. Defendants solicited individuals located in the United States and elsewhere to enter into illegal, off-exchange transactions in binary options through various fictitious trade names, including "BinaryBook," "BigOption," and "BinaryOnline") (collectively the "Yukom Brands"). Each of the Yukom Brands is a fictitious entity that was ultimately owned and controlled, at least in part, by Cohen. Many of the brokers and other employees and agents of the Yukom Enterprise solicited customers and performed work for multiple Yukom Brands, and the brands shared office space, compliance and human resource functions, and accounting services.

21. A binary option is a type of contract in which the payment depends entirely on the outcome of a discrete event – typically a "yes/no" proposition. Binary options involve a variety of underlying assets, including currency pairs; commodities such as oil, wheat, coffee and gold; equity indices and stocks. A binary option does not give the holder the right to purchase or sell the underlying asset, but is "cash settled." When a binary option expires, if a customer has correctly predicted the asset's movement, the customer is "in the money" and entitled to a payout of a pre-determined amount of money; and if the customer has made an incorrect prediction they are "out of the money," lose the premium paid and get nothing. Binary options contracts are required to be traded on a registered board of trade.

22. The Yukom Enterprise offered, sold, entered into, and confirmed binary options through one or more of the Yukom Brand's internet trading websites, including www.bigoption.com (the "BigOption website"), www.binarybook.com (the "BinaryBook website"), and www.binaryonline.com (the "BinaryOnline website") (collectively, the "Yukom Brands websites"). Cohen and others registered the Yukom Brands websites and Cohen and a co-Defendant jointly controlled those websites.

6

**At Cohen's Direction, the Yukom Enterprise Fraudulently Solicited U.S. Customers to Enter into Illegal, Off-Exchange Binary Options Transactions**

23.     On the Yukom Brands websites, and in emails, telephone calls, and other communications with customers and prospective customers, Defendants falsely stated that the binary options offered by the Yukom Enterprise, which include options on currency pairs, oil, and other commodities, were actual transactions subject to objective market conditions, when in fact they were merely book entries whose outcomes were manipulated by Defendants or others acting at their request. Defendants falsely stated that the interest of the Yukom Enterprise were aligned with the interest of customers, when in fact the Yukom Enterprise was the counterparty to its customers and profited from customer losses; misrepresented the financial expertise, basis for compensation, physical location, and identity of their employees and agents; falsely claimed that customers' funds were "safeguarded separately" when in fact they were commingled with Defendants' own funds and transferred through off-shore bank accounts including those controlled by Cohen; and falsely stated that the binary options offered by the Yukom Enterprise were profitable, when in fact approximately 95% of customers lost money.

24.     Defendants, including individuals acting on behalf of the Yukom Enterprise and at Cohen's direction, also failed to disclose material information about the binary options offered by the Yukom Enterprise, including their use of manipulative and deceptive devices such as so-called "bonuses" and "risk free trades" to perpetuate their binary options scheme, prevent customers from withdrawing funds, and misappropriate customer funds.

25.     Acting at Cohen's direction, members of the Yukom Enterprise also caused the "risk setting" for certain binary option customers, typically using a "low" risk setting – meaning that customers would win more trades then they lost – to incentivize certain customers to deposit

additional funds, and a "high" risk setting to force certain customers to lose all of their remaining funds.

26.     Cohen and others acting at his direction, engaged in various activities in order to conceal the true nature of the Yukom Enterprise, including setting up various foreign nominee entities to enter into agreements on behalf of the Yukom Enterprise and opening off-shore bank accounts through which customer funds were transferred, concealed, and ultimately misappropriated and used by Cohen and other Defendants for their own purposes.

**Defendants' Misappropriation of U.S. Customer Funds**

27.     During the Relevant Period, Defendants fraudulently solicited and accepted in excess of $165 million in customer funds to trade binary options in connection with the Yukom Enterprise's binary option trading scheme.  The customers received only approximately $52 million in withdrawals and therefore lost in excess of $112 million from Defendants' fraudulent scheme. In order to conceal the true ownership of the Yukom Enterprise and prevent customers who realized they had been defrauded from recovering funds, Defendants have used over 40 off-shore bank accounts to funnel deposits from U.S. customers, including bank accounts controlled by Cohen.

28.     The funds accepted by Defendants include at least $16,789,746 in credit card deposits from customers in the United States, most if not all of whom were not "eligible contract participants" ("ECPs") as defined in Section 1a(18) of the Act, 7 U.S.C. § 1a(18).  Credit card deposits represent approximately 60 % of U.S. customer funds.  The rest of U.S. customer funds accepted by the Yukom Enterprise were made via wire transfer from an individual customer's bank account to one of the off-shore bank accounts in the name of one of the foreign nominee entities operated and controlled by Cohen and a co-Defendant.

29.     Throughout the Relevant Period, at least 25% of Defendants' revenue derived from the United States.  Thus, in aggregate, the Yukom Enterprise accepted at least $28 million in funds from customers in the United States during the Relevant Period.

30.     During the Relevant Period, Cohen received at least seven million dollars ($7,000,000) in funds from the Yukom Enterprise.

**B.      Conclusions of Law**

**Jurisdiction and Venue**

31.     This Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1331 (codifying federal question jurisdiction) and 28 U.S.C. § 1345 (providing that U.S. district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress).  Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a), provides that the Commission may bring actions for injunctive relief or to enforce compliance with the Act or any rule, regulation, or order thereunder in the proper district court of the United States whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

32.     Venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e), because acts and practices in violation of the Act occurred within this District.

**Count I – Commodity Option Fraud**

33.     By the conduct described above and in the Complaint, and in or in connection with an offer to enter into, the entry into, or the confirmation of the execution of, any commodity option transaction, Defendants, including Cohen, directly and indirectly: (a) cheated or defrauded, and attempted or cheat and defraud, customers and prospective customers; (b) made or caused to be made to customers and prospective customers false reports or statements; and

(c) deceived or attempted to deceive customers and prospective customers in connection with commodity option transactions, including by:

    a.  Misrepresenting the risk, cost, and profit potential of binary option transactions offered to customers

    b.  Misrepresenting that the financial interests of the Yukom Enterprise are aligned with the customers' financial interest, when in fact the Yukom Enterprise takes the opposite side of each trade and profits from customer losses;

    c.  Misrepresenting the Yukom Enterprise's financial experience and expertise, as well as the identity and physical location of the entities and individuals that comprise the Yukom Enterprise;

    d.  Misrepresenting that the binary option transactions offered to customers are real transactions subject to actual market conditions;

    e.  Misrepresenting the purpose of "bonuses" and "risk free trades" and failing to disclose the turnover requirement;

    f.  Manipulating the risk settings to limit or preclude a customer's ability to enter into profitable binary option trades; and

    g.  Misappropriating customer funds provided to trade binary options;

and thus violated Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and Regulation 32.4, 17 C.F.R. § 32.4 (2023).

34.    Defendant Cohen participated in the aforementioned unlawful acts and practices as a member of a common enterprise and is therefore jointly and severally liable for the violations of 7 U.S.C. § 6c(b) and 17 C.F.R. § 32.4 committed by other members of the Yukom Enterprise.

35.    Throughout the Relevant Period, Cohen directly or indirectly controlled the Yukom Enterprise and did not act in good faith and/or knowingly induced, directly or indirectly, the acts of Yukom, Linkopia, Wirestech, WSB, and/or Zolarex constituting their violations of 7 U.S.C. § 6c(b) and 17 C.F.R. § 32.4, and thus Cohen is liable for the Yukom Enterprise's violations as a control person pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b).

### Count II – Swap Fraud

36.     By the conduct described above and in the Complaint, Defendants, including

Cohen, intentionally or recklessly used or employed, or attempted to use or employ,

manipulative or deceptive devices or contrivances in connection with contracts of sale of swaps,

including by:

     a. Misrepresenting the risk, cost, and profit potential of binary option transactions offered to customers;

     b. Misrepresenting that the financial interests of the Yukom Enterprise are aligned with the customers' financial interest, when in fact the Yukom Enterprise takes the opposite side of each trade and profits from customer losses;

     c. Misrepresenting the Yukom Enterprise's financial experience and expertise, as well as the identity and physical location of the entities and individuals that comprise the Yukom Enterprise;

     d. Misrepresenting that the binary option transactions offered to customers are real transactions subject to actual market conditions;

     e. Misrepresenting the purpose of "bonuses" and "risk free trades" and failing to disclose the turnover requirement;

     f. Manipulating the risk settings to limit or preclude a customer's ability to enter into profitable binary option trades; and

     g. Misappropriating customer funds provided to trade binary options;

and thus violated Section 6(c)(1) of the Act, 7 U.S.C. § 9(1), and Regulation 180.1(a)(1)-(3),

17 C.F.R. § 180.1(a)(1)-(3) (2023).

37.     Defendant Cohen participated in the aforementioned unlawful acts and practices

as a member of a common enterprise and is therefore jointly and severally liable for the

violations of 7 U.S.C. § 9(1) and 17 C.F.R. § 180.1(a)(1)-(3) committed by other members of the

Yukom Enterprise.

38.     Throughout the Relevant Period, Cohen directly or indirectly controlled the

Yukom Enterprise and did not act in good faith and/or knowingly induced, directly or indirectly,

the acts of Yukom, Linkopia, Wirestech, WSB, and/or Zolarex constituting their violations of 7 U.S.C. § 9(1) and 17 C.F.R. § 180.1(a)(1)-(3), and thus Cohen is liable for the Yukom Enterprise's violations as a control person pursuant to 7 U.S.C. § 13c(b).

**Count III – Illegal Off-Exchange Commodity Options**

39.    By the conduct described above and in the Complaint, Defendants, including Cohen, offered to enter into, entered into, confirmed the execution of, maintained positions in, and otherwise conducted activities relating to commodity option transactions using instrumentalities of interstate commerce, including the Yukom Brands' websites, emails, and telephone calls.  The commodity options that Defendants offered to enter into, entered into, confirmed the execution of, maintained positions in, and otherwise conducted activities relating to, were not executed on any registered exchange nor have Defendants sought registration as an exempt foreign exchange, and thus Cohen violated Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and Regulation 32.2, 17 C.F.R. § 32.2 (2023).

40.    Defendant Cohen participated in the aforementioned unlawful acts and practices as a member of a common enterprise and is therefore jointly and severally liable for the violations of 7 U.S.C. § 6c(b) and 17 C.F.R. § 32.2 committed by other members of the Yukom Enterprise.

41.    Throughout the Relevant Period, Cohen directly or indirectly controlled the Yukom Enterprise and did not act in good faith and/or knowingly induced, directly or indirectly, the acts of Yukom, Linkopia, Wirestech, WSB, and/or Zolarex constituting their violations of 7  U.S.C. § 6c(b) and 17 C.F.R. § 32.2, and thus Cohen is liable for the Yukom Enterprise's violations as a control person pursuant to 7 U.S.C. § 13c(b).

**Count IV – Illegal Off-Exchange Retail Swaps**

42.     By the conduct described above and in the Complaint, Defendants, including Cohen, entered into swap transactions, specifically binary options, with customer who were non-ECPs, and those swap transactions were not executed on a registered exchange.  Defendants, including Cohen, are themselves non-ECPs.  By entering into swap transactions with retail customers, Cohen violated Section 2(e) of the Act, 7 U.S.C. § 2(e).

43.     Defendant Cohen participated in the aforementioned unlawful acts and practices as a member of a common enterprise and is therefore jointly and severally liable for the violations of 7 U.S.C. § 2(e) committed by other members of the Yukom Enterprise

44.     Throughout the Relevant Period, Cohen directly or indirectly controlled the Yukom Enterprise and did not act in good faith and/or knowingly induced, directly or indirectly, the acts of Yukom, Linkopia, Wirestech, WSB, and/or Zolarex constituting their violations of 7 U.S.C. § 2(e), and thus Cohen is liable for the Yukom Enterprise's violations as a control person pursuant to 7 U.S.C. § 13c(b).

**Count V – Liability as a Controlling Person for the Yukom Enterprise's Acting as an Unregistered FCM**

45.     By the conduct described above and in the Complaint, Yukom, Linkopia, Wirestech, WSB, and Zolarex, accepted orders for commodity options or swaps and accepted money to margin, guarantee, or secure trades or contracts resulting from commodity options or swap transactions using the instrumentalities of interstate commerce and without being registered with the Commission as an FCM and thus violated 4d(a)(1) of the Act, 7 U.S.C. § 6d(a)(1).

46.     Defendant Cohen participated in the aforementioned unlawful acts and practices as a member of a common enterprise and is therefore jointly and severally liable for the violations of 7 U.S.C. § 6d(a)(1) committed by other members of the Yukom Enterprise

13

47.     Throughout the Relevant Period, Cohen directly or indirectly controlled the Yukom Enterprise and did not act in good faith and/or knowingly induced, directly or indirectly, the acts of Yukom, Linkopia, Wirestech, WSB, and/or Zolarex constituting their violations of 7 U.S.C. § 6d(a)(1) and thus Cohen is liable for the Yukom Enterprise's violations as a control person pursuant to 7 U.S.C. § 13c(b).

## IV.     PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

48.     Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Defendant Cohen is permanently restrained, enjoined and prohibited from directly or indirectly:

a.     In connection with any commodity option transaction, directly or indirectly, to cheat or defraud, or attempt to cheat or defraud, any person; to cause to be made any false report or statement; or to deceive or attempt to deceive any person by any means whatsoever in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and Regulation 32.4, 17 C.F.R. § 32.4 (2023);

b.     Intentionally or recklessly using or employing, or attempting to use or employ, manipulative or deceptive devices or contrivances in connection with contracts of sale of swaps in violation of Section 6(c)(1) of the Act, 7 U.S.C. § 9(1), and Regulation 180.1(a)(1)-(3), 17 C.F.R. §180.1(a)(1)-(3) (2023);

c.     Offering to enter, entering into, confirming the execution of, maintaining a position in, or otherwise conducting activity related to commodity options other than on a registered exchange in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and Regulation 32.2, 17 C.F.R. § 32.2 (2023);

14

d.      Entering into swaps transactions in violation of Section 2(e) of the Act, 7 U.S.C. § 2(e); and

e.      Soliciting or accepting orders for the purchase or sale of commodity option or swap transactions; and, in or in connection with these activities, accepting money, securities, or property (or extending credit in lieu thereof) to margin, guarantee, or secure resulting trades in violation of Section 4d of the Act, 7 U.S.C. § 6d.

49.      Defendant is also permanently restrained, enjoined and prohibited from directly or indirectly:

a.      Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40));

b.      Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3, 17 C.F.R. § 1.3) for his own personal account or for any account in which he has a direct or indirect interest;

c.      Having any commodity interests traded on his behalf;

d.      Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

e.      Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

f.      Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2023); and/or

g.      Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R.
§ 3.1(a) (2023)), agent or any other officer or employee of any person (as that
term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38)), registered,
exempted from registration or required to be registered with the Commission
except as provided for in 17 C.F.R. § 4.14(a)(9).

## V.    DISGORGEMENT

**A.    Disgorgement**

50.    Defendant Cohen shall pay disgorgement in the amount of Seven Million Dollars ($7,000,000) ("Disgorgement Obligation"), representing the gains he received in connection with such violations within the later of:  (i) thirty (30) days of the date of entry of this Consent Order, or (ii) such other date as may be ordered in the Criminal Action.  If the Disgorgement Obligation is not paid in full within the dates set forth above, then post-judgment interest shall accrue on the unpaid portion of the Disgorgement Obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961.

51.    For amounts forfeited or paid in the Criminal Action, Defendant Cohen shall receive a dollar-for-dollar credit against the Disgorgement Obligation.  Within ten days of payment in the Criminal Action, Defendant Cohen shall, under a cover letter that identifies the name and docket number of this proceeding, transmit to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and Robert T. Howell, Deputy Director, Commodity Futures Trading Commission, Ralph Metcalfe Federal Building, 77 West Jackson Blvd., Ste. 800, Chicago, IL 60604, copies of the form of payment.

52.     If not offset by payments in the Criminal Action, any outstanding portion of the Disgorgement Obligation and any post-judgment interest will be made by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.  If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> MMAC/ESC/AMK326
> Commodity Futures Trading Commission
> 6500 S. MacArthur Blvd.
> HQ Room 266
> Oklahoma City, OK 73169
> 9-amc-ar-cftc@faa.gov

If payment by electronic funds transfer is chosen, Defendant shall contact the Federal Aviation Administration at the email address above to receive payment instructions and shall fully comply with those instructions.  Defendant shall accompany payment of the Disgorgement Obligation with a cover letter that identifies Defendant and the name and docket number of this proceeding. Defendant shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581 and Robert T. Howell, Deputy Director, Commodity Futures Trading Commission, Ralph Metcalfe Federal Building, 77 West Jackson Blvd., Ste. 800, Chicago, IL 60604.

**B.      Provisions Related to Monetary Sanctions**

53.     Partial Satisfaction:  Acceptance by the Commission of any partial payment of Defendant's Disgorgement Obligation shall not be deemed a waiver of his obligation to make further payments pursuant to this Consent Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

17

### C.    Cooperation

54.    Defendant shall cooperate fully and expeditiously with the Commission, including the Commission's Division of Enforcement and any other governmental agency or any self-regulatory organization, in this action, and in any current or future Commission investigation or action related thereto.  Defendant shall also cooperate in any investigation, civil litigation, or administrative matter related to, or arising from, this action.  As part of such cooperation, Defendant agrees to provide a sworn declaration and/or testimony in this action.

### VI.    MISCELLANEOUS PROVISIONS

55.    Until such time as Defendant satisfies in full his Disgorgement obligation under the Order, upon the commencement by or against Defendant of insolvency, receivership or bankruptcy proceedings or any other proceedings for the settlement of Defendant's debts, all notices to creditors required to be furnished to the Commission under Title 11 of the United States Code or other applicable law with respect to such insolvency, receivership bankruptcy or other proceedings, shall be sent to the address below:

> Secretary of the Commission
> Office of the General Counsel
> Commodity Futures Trading Commission
> Three Lafayette Centre
> 1155 21st Street N.W.
> Washington, DC 20581

56.    Notice:  All notices required to be given by any provision in this Consent Order, except as set forth in paragraph 52, above, shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

> Robert T. Howell
> Deputy Director, Division of Enforcement
> Commodity Futures Trading Commission, Chicago Regional Office

Ralph Metcalfe Federal Building
77 West Jackson Blvd., Ste. 800
Chicago, IL 60604
*RHowell@cftc.gov*

Notice to Defendant Cohen:

Michael Bachner, Esq.
Bachner and Associates, PC
111 Broadway, Suite 701
New York, NY 10006
mb@bhlawfirm.com

James D. Sallah, Esq.
3010 North Military Trail Suite 210
Boca Raton, FL. 33431
jds@sallahlaw.com

All such notices to the Commission shall reference the name and docket number of this action.

57.     Change of Address/Phone:  Until such time as Defendant satisfies in full his, Disgorgement Obligation, as set forth in this Consent Order, Defendant shall provide written notice to the Commission by certified mail of any change to his telephone number and mailing address within ten calendar days of the change.

58.     Entire Agreement and Amendments:  This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date.  Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless:  (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

59.     Invalidation:  If any provision of this Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

60.     Waiver:  The failure of any party to this Consent Order at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party at a later time to enforce the same or any other provision of this Consent Order.  No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

61.     Continuing Jurisdiction of this Court:  This Court shall retain jurisdiction of this action to ensure compliance with this Consent Order.

62.     Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Consent Order shall be binding upon the following persons who receive actual notice of this Consent Order, by personal service or otherwise:(1) Defendant Cohen; (2) any officer, agent, servant, employee, or attorney of the Defendant; and (3) any other persons who are in active concert or participation with any persons described in subsections (1) and (2) above.

63.     Counterparts and Facsimile Execution:  This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart.  Any counterpart or other signature to this Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

64.     Contempt:  Defendant understands that the terms of the Consent Order, are enforceable through contempt proceedings to the fullest extent of applicable law, and that, in any such proceedings he may not challenge the validity of this Consent Order.

20

65.     Agreements and Undertakings:  Defendant shall comply with all of the undertakings and agreements set forth in this Consent Order.

There being no just reason for delay, the Clerk of the Court is hereby ordered to enter this Consent Order for Permanent Injunction and Other Equitable Relief Against Yakov Cohen forthwith and without further notice.


**IT IS SO ORDERED** on this 5th day of September, **2024**.


_____
**UNITED STATES DISTRICT JUDGE**



**CONSENTED TO AND APPROVED BY:**



_____
**Yakov Cohen**

Date: _____

_____
**Commodity Futures Trading Commission**
Elizabeth M. Streit
Commodity Futures Trading Commission
Ralph Metcalfe Federal Office Building
77 W. Jackson Blvd. Suite 800
Chicago, IL 60604
*estreit@cftc.gov*


Dated _____

**Approved as to Form**:

_____
James D. Sallah
One of the Attorneys for Yakov Cohen
Sallah Astarita & Cox, LLC
3010 North Military Trial, Ste. 210

21

Boca Raton, FL 33431
*jds@sallahlaw.com*